## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**ALYOSHA S. TUNKLE, M.D.,**

        **Plaintiff,**

**v.**                                           **Case No.**

**VOYA FINANCIAL, INC.,**
**RELIASTAR LIFE INSURANCE**
**COMPANY, and 21ST CENTURY**
**ONCOLOGY LLC HEALTH &**
**WELFARE PLAN,**

        **Defendants.**
_____/

## COMPLAINT

Plaintiff Alyosha S. Tunkle, M.D. ("Dr. Tunkle" or "Plaintiff") hereby complains and alleges as follows:

## THE PARTIES

1.    Dr. Tunkle is, and at all relevant times herein was, an individual residing in Naples, Florida.

2.    At all relevant times, he was employed by 21st Century Oncology, LLC ("21st Century") and was a participant, as defined by § 3(7) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(7), in 21st Century Oncology LLC Health & Welfare Plan (the "Plan").

3.    Defendant Reliastar Life Insurance Company ("Reliastar") is, and

at all relevant times herein was, an insurance company incorporated in the State of Minnesota with a principal place of business located at 20 Washington Avenue, South Minneapolis, Minnesota 55401.

4.      At all relevant times, Reliastar was a subsidiary of Voya Financial, Inc. and the claims administrator and insurer for the Plan, which offered, inter alia, long-term disability insurance benefits to 21st Century employees, including Dr. Tunkle.

5.      Defendant Voya Financial, Inc. ("Voya Financial") is, and at all relevant times herein was, an insurance company incorporated in the State of Delaware with a principal place of business located at 230 Park Avenue, New York, New York 10169.

6.      At all relevant times, Voya Financial was the parent company of Reliastar and the claims administrator of the Plan. Defendants Reliastar and Voya Financial are collectively referred to hereinafter as "VOYA."

## JURISDICTION

7.      Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to ERISA § 502(a)(1)(B) and § 502(a)(3), and 29 U.S.C. §§ 1132(a)(1)(B).

8.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

9.    Venue lies in the Middle District of Florida pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the ERISA-governed Plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because some of the events or omissions giving rise to Plaintiff's claim occurred within this District and Plaintiff resides in this District.

## FACTUAL ALLEGATIONS

10.    Prior to becoming disabled, Dr. Tunkle worked as a general surgeon for 21st Century – an oncology center. Among other things, he performed surgery on a variety of cancers, which required fine motor capabilities with surgical instruments.

11.    Dr. Tunkle's employer, 21st Century, provided him with a group long-term disability insurance plan (Group Policy No. 70831-3LTD2011 attached hereto as **Exhibit A**). The Plan states that an employee is considered Totally Disabled when "due to sickness or injury, you are unable to perform the material and substantial duties of your regular occupation."

12.    After sustaining an accidental injury in a game of kickball, Dr. Tunkle underwent surgery to repair an AC joint separation in his left shoulder with orthopedist, Michael T. Havig, MD, on January 22, 2020. Dr. Tunkle then began physical therapy and returned to work shortly thereafter.

13.    Unfortunately, Dr. Tunkle developed a hand tremor after his surgery. Both of his hands would shake when he was stressed, or performing fine motor dexterity movements, such as holding utensils.

14.    On June 3, 2020, Dr. Tunkle saw board-certified neurologist, Michael Vickers, M.D., who performed a comprehensive examination. Dr. Vickers diagnosed Dr. Tunkle with appendicular action tremor, noting that the tremor is more pronounced when he is stressed or performing fine motor dexterity movements. Dr. Vickers prescribed a beta blocker, Propranolol, which did not resolve Dr. Tunkle's hand tremor.

15.    Dr. Tunkle's last day working as a general surgeon was June 30, 2020. He submitted a formal letter of resignation to 21st Century on July 24, 2020.

16.    On July 30, 2020, Dr. Tunkle saw Dr. Vickers for a follow-up appointment. Dr. Vickers diagnosed Dr. Tunkle with essential tremor and noted that Dr. Tunkle resigned from the medical staff as he did not feel that his surgical ability was safe for patients. Dr. Vickers concurred, stating, "Given Dr. Tunkle's profession as a surgeon and given the level of tremor, I would agree with him that continuing to operate presently is not an option and is not going to be an option going forward."

17.    On September 23, 2020, Dr. Tunkle provided notice of claim to VOYA. VOYA then provided Dr. Tunkle several forms to fill out to commence

his long-term disability ("LTD") claim.

18.    On November 6, 2020, Dr. Tunkle provided VOYA with LTD insurance claim forms detailing his disability. On November 11, 2020, Dr. Vickers submitted an Attending Physician Statement to VOYA stating that his primary diagnosis was essential tremor, induced by action, or stress, and that Dr. Tunkle is unable to safely perform surgery due to his condition. Dr. Vickers provided a prognosis that there would be no return to work.

19.    VOYA confirmed receipt of Dr. Tunkle and Dr. Vicker's claim forms on December 3, 2020, advising that it would need 10 days to review his claim.

20.    Having received no further response from VOYA, Dr. Tunkle's legal counsel, Bourhis Law Group, PC ("BLG"), called VOYA on March 11, 2022 to request an update. VOYA asserted that it had no record of any claims investigation being performed. Dr. Tunkle re-sent his claim forms the same day.

21.    On April 13, 2021, Dr. Tunkle submitted an activities of daily living questionnaire to VOYA, declaring that he was "completely disabled from the performance of surgery due to essential hand tremor… Surgery requires fine movements and hand dexterity which I no longer possess."

22.    Dr. Tunkle saw Dr. Vickers for a follow-up on April 26, 2021, who opined "there has not been an improvement to where we would expect him to

be able to return to his practice of surgery..."

23.    VOYA wrote a letter to Dr. Tunkle on May 18, 2021, alleging that it required additional time to evaluate his claim. VOYA then wrote another letter on July 8, 2021, demanding that Dr. Tunkle submit to an Independent Medical Examination ("IME") with a physician of VOYA's choosing. Dr. Tunkle agreed.

24.    On August 16, 2021, VOYA wrote a letter to Dr. Tunkle alleging that there were inconsistencies in his medical records and requesting physical therapy records pertaining to Dr. Tunkle's shoulder after his surgery.

25.    VOYA then sent a letter to Dr. Tunkle on September 15, 2021 to confirm that the IME was set for September 27, 2021. However, VOYA cancelled the IME, without explanation, and declined to reschedule the evaluation.

26.    On October 5, 2021, VOYA denied Dr. Tunkle's LTD claim on the following bases: (1) the last day of work Dr. Tunkle reported to VOYA, July 30, 2020, was different from the last day of work reported by his employer, August 6, 2020; (2) Dr. Tunkle provided VOYA an incomplete list of his medical providers for the past 12 months; (3) Dr. Tunkle's post-surgery physical therapy records did not mention essential hand tremors and are inconsistent regarding his left upper extremity capabilities; (4) no

independent medical examination had been performed; and (4) between March 15, 2020 and May 24, 2020, Dr. Tunkle's earnings information suggest that he was not working 30 hours per week and his insurance coverage therefore lapsed – therefore, any disability that arose during this period would constitute a preexisting condition when his insurance coverage resumed on May 24, 2020.

27.    From a medical perspective, VOYA admitted that Dr. Tunkle's essential hand tremor prevents him from performing his occupation as a surgeon.

28.    BLG sent an appeal letter to VOYA asserting that the basis of its denial was completely erroneous. The appeal confirmed that Dr. Tunkle provided VOYA with all of the medical records it requested as well as a letter from Dr. Vickers, which explained that Dr. Tunkle still had a "notable action tremor" that "worsened when stressed." Dr. Vickers also stated, "[w]ith the level of clinical action tremor and the specifics of his job as a general surgeon, I feel (and Dr. Tunkle himself feels) that he is no longer able to perform fully his duties as a general surgeon." Dr. Vickers further stated, "[t]he nature of essential tremor is that it is slowly progressive and I do not anticipate that he would be able to perform the duties of a general surgeon in the future." VOYA sent a letter acknowledging receipt of Dr. Tunkle's appeal on October 12, 2021.

29.    Dr. Tunkle sent VOYA new medical records from Dr. Vickers on November 2, 2021, which affirmed that as of April 28, 2021, Dr. Tunkle still suffered from essential hand tremor, which prevented him from returning to practice surgery.

30.    On November 3, 2021, VOYA called BLG to explain that it was again denying Dr. Tunkle's claim, not from a medical or vocational perspective, but solely because Dr. Tunkle's insurance coverage lapsed during the onset of the COVID-19 pandemic, between March 12, 2020 to May 24, 2020, because Dr. Tunkle failed to meet the "Minimum Hours Requirement" of the Plan. The Plan states that an employee must work at least "30 hours per week" to remain eligible for coverage under its Minimum Hours Requirement. VOYA asserted that it knew Dr. Tunkle failed to work at least 30 hours per week between March 12, 2020 to May 24, 2020 because his earning statements reflected a decrease of earnings during this time period. From this reduction in earnings, VOYA deduced that Dr. Tunkle was only working 9.5 hours every two weeks, causing him to lose his insurance coverage. Because of this lapse in coverage, any disabilities that began during this period would constitute a Pre-Existing Condition once the coverage resumed on May 24, 2020 and VOYA would not be required to honor Dr. Tunkle's disability claim.

31.    BLG appealed VOYA's denial on November 5, 2021, explaining

that Dr. Tunkle had been working the requisite hours to maintain his insurance coverage from March 12, 2020 to May 24, 2020. Dr. Tunkle's earnings decreased because he voluntarily reduced his salary to continue paying furloughed employees during the pandemic. Indeed, Florida was in a state of emergency and Dr. Tunkle was deemed an essential worker. He was on-call, providing critical care to patients with cancer, infections, and other life-threatening conditions. In connection with the appeal, Dr. Tunkle provided a declaration to VOYA stating that he was "working approximately 35-40 hours per week" during the above period. Moreover, Dr. Tunkle continued to pay VOYA premiums to maintain his disability insurance coverage from March 12, 2020 to May 24, 2020. VOYA provided him no notice whatsoever concerning a lapse in coverage.

32.    VOYA responded on November 9, 2021, asserting again that Dr. Tunkle did not work the minimum number of hours, according to scheduling and appointment logs from 21st Century.

33.    Dr. Tunkle responded on November 24, 2021, explaining that the scheduling and appointment logs VOYA cited were obviously an incomplete record of his work. Dr. Tunkle provided another declaration, stating that the records VOYA cited only contained an "estimate of the time required to complete certain operations." Further, the logs also fail to capture the preparation and management of care. They are simply used for scheduling

purposes and do not record when "many operations do not go directly as planned and can often require 2-3x more time to complete than what the attached document estimates." BLG provided a declaration from Dr. Tunkle's former business partner, Justin D. Warner, M.D., as well. Dr. Warner declared that he and Dr. Tunkle were "actively working for 21st Century Oncology, LLC more than 30 hours per week" in the period between March and May of 2020. Dr. Warner also explained that he and Dr. Tunkle were "splitting call duties," which is "not reflected in [their] employer's records." Dr. Warner stated, "Dr. Tunkle's earnings were reduced during the above period because he voluntarily cut his own salary in order to continue paying employees who otherwise would have lost their jobs due to the pandemic."

34.    VOYA responded on December 1, 2021, asserting that Dr. Tunkle and Dr. Warner's statements did not change its opinion. VOYA also wrote, "to verify the assertions provided by your client and Dr. Warner, we are contacting your client's employer."

35.    On January 5, 2022, VOYA wrote a letter stating that it provided Dr. Tunkle's schedules and financial records to its CPA for review, who in turn reported, "[i]t is not clear if the [appointment] report is complete for all hours worked." VOYA'S CPA further reported, "[i]t cannot be determined if the Insured's hours reported 3/15/2020 – 5/23/2020 in the report are less than normal. The employer appears to be stating that the pay has been reduced

during this time period to be able to cover overhead expenses with no reduction in hours, and that the wage paid per the payroll is to cover the Insured's benefits." Despite its CPA's report, VOYA asserted that Dr. Tunkle still did not qualify for coverage.

36.    On January 28, 2022, VOYA issued a letter upholding its claim denial on the basis that Dr. Tunkle had "not work[ed] the minimum hours required." VOYA further asserted that Dr. Tunkle waived his right to respond to VOYA'S allegations because he failed to respond to VOYA'S January 5, 2022 letter within 21 days.

37.    BLG responded on February 24, 2022, explaining that BLG had, in fact, provided VOYA a letter on January 19, 2022, which VOYA refused to acknowledge. BLG also provided VOYA a copy of an email from Kristin Meyer, Vice President of People and Culture – Clinical Operations at GenesisCare, an international network of oncology facilities to which 21st Century belongs. Ms. Meyer confirmed that Dr. Tunkle had remained a full-time worker for 21st Century from March to May of 2020.

38.    VOYA responded on February 25, 2022, asserting that Ms. Meyer's statement did not change its position, that it completed its final review, and that Dr. Tunkle had exhausted his administrative remedies.

## **FIRST CAUSE OF ACTION**

### **(Claim for Benefits Pursuant to ERISA § 502(a)(1)(B), 29**

### U.S.C. § 1132(a)(1)(B), against All Defendants)

39.         Plaintiff incorporates paragraphs 1 through 38 as though fully set forth in this cause of action.

40.         Dr. Tunkle has exhausted all of his administrative remedies and performed all his obligations pursuant to the Plan.

41.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

42.     As an employee of 21st Century, Dr. Tunkle was, at all relevant times, a participant under the Plan—a group disability insurance policy issued and administered by Reliastar and Voya Financial—that provides disability insurance benefits to employees of 21st Century.

43.     Specifically, the Plan provides that Dr. Tunkle is entitled to monthly disability benefits in the event he becomes Totally Disabled.

44.     At all relevant times, Dr. Tunkle has been Totally Disabled due to essential hand tremors that prevent him from performing the substantial and material duties of his occupation as a general surgeon for 21st Century and rendered him Totally Disabled as defined under the Plan. Therefore, under the terms of the Plan, he is entitled to monthly Total Disability benefits.

45.    On or about November 6, 2020, Dr. Tunkle applied for LTD benefits.

46.    On or about October 5, 2021, VOYA wrongfully denied Dr. Tunkle's claim for LTD benefits.

47.    On or about October 5, 2021, Dr. Tunkle appealed VOYA's denial of his LTD benefits.

48.    On or about November 3, 2021, VOYA again denied Dr. Tunkle's claim for LTD benefits.

49.    VOYA breached its obligations to Dr. Tunkle by failing to fulfill its obligations under the Plan and under the applicable provisions of ERISA, including, but not limited to, the obligation to pay Total Disability benefits under the Plan, by unreasonably and wrongfully failing to conduct a proper investigation and review prior to denying Dr. Tunkle's Total Disability claim, failing to consider all pertinent medical information, and failing to conduct a full and fair review of Dr. Tunkle's claim and the denial of his benefits as required by ERISA.

50.    As a direct and proximate result of Voya's conduct as alleged herein, Dr. Tunkle has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of his disability benefits, interest on those benefits, attorneys' fees, and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendants violated the terms of the Plan by denying Plaintiff's claim for long-term disability benefits;

B. Order Defendants to pay long-term disability benefits to Plaintiff pursuant to the terms of the Plan, together with prejudgment interest on each and every such monthly payment owed through the date judgment is entered herein;

C. Award Plaintiff reasonable attorneys' fees and costs of such suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

D. Provide such other relief as the Court deems equitable and just.

Dated:  January 9, 2023

Respectfully Submitted,

**BOURHIS LAW GROUP, PC**

By: s/ Matthew Bourhis
MATTHEW BOURHIS, ESQ.
RITSA GOUNTOUMAS
1808 Wedemeyer Street, Suite 214
San Francisco, CA 94129
Telephone: 415-392-4660
Facsimile: 415-421-0259
matthew.bourhis@bourhislaw.com
ritsa.gountoumas@bourhislaw.com
Attorneys for ALYOSHA S. TUNKLE, M.D.
***PRO HAC VICE MOTION PENDING**

**TUCKER DISABILITY LAW, P.A.**

By: s/ John V. Tucker
JOHN V. TUCKER, ESQ.
5235 16th Street North
St. Petersburg, FL  33703
Telephone:  (727) 572-5000
Facsimile:   (727) 571-1415
tucker@tuckerdisability.com
Local Counsel for ALYOSHA S. TUNKLE, M.D.